## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**DUANE MANDERVILLE**                                                                **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:14CV-216-GNS**

**JUDICIAL OFFICERS**                                                       **DEFENDANTS**

### MEMORANDUM OPINION

      Plaintiff Duane Manderville initiated this *pro se* action by filing a letter in the U.S. District Court for the Eastern District of Kentucky. Finding this Court was the proper venue for the action, the Eastern District transferred the case to this Court. On December 1, 2014, the Clerk of this Court issued a notice of deficiency to Plaintiff directing that he either file an application to proceed without prepayment of fees or pay the $400.00 filing fee. Plaintiff failed either to file an application to proceed without prepayment of fees or to pay the filing fee. Moreover, in a filing (DN 7) subsequent to the notice of deficiency, Plaintiff stated, "I am not interested in any monetary settlement, nor am I going to pay the Court $400, to prove the Commonwealth of Kentucky wrong."

      On January 29, 2015, the Court entered an Order stating that Plaintiff is required to pay the filing fee or file an application to proceed without the prepayment of fees if he wishes to bring a civil action. The Order directed Plaintiff to either tender the $400.00 filing fee or file an application to proceed without prepayment of fees within 30 days from entry of the Order. The Order also directed Plaintiff to re-file his complaint on the complaint form within 30 days of entry of the Order. In the Order, the Court warned Plaintiff that his failure to tender the $400.00 filing fee or file an application to proceed without prepayment of fees and to re-file his complaint on a Court-approved form within 30 days would result in dismissal of the action.

More than 30 days have passed since the Court's Order, and Plaintiff has failed to comply with it by tendering the $400.00 filing fee, filing an application to proceed without prepayment of fees, or re-filing his complaint on the Court's approved form. On February 23, 2015, Plaintiff filed a letter and 6 "briefs" in which he makes various constitutional law arguments. However, he in no way complied with the Court's prior Order.

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order warrants dismissal of this case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: March 11, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
4416.010

2